UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY MARTIN,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>DOUGLAS SMITH, et al.,<br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-00134-GMN-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMENDATION**<br><br>(IFP App – Dkt #1)<br>(Mtn for Hearing – Dkt #2) |

Plaintiff Anthony Martin ("Martin") is proceeding in this action pro se. Martin requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

**I.      In Forma Pauperis Application.**

Martin submitted the affidavit required by § 1915(a) showing he is unable to prepay fees and costs or give security for them. Accordingly, the court grants his request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The court will now review Martin's complaint.

**II.     Screening the Complaint.**

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Martin's complaint attempts to state a claim pursuant to 42 U.S.C. § 1983 against Defendants Nevada State District Court Judge Douglas Smith, Michael Peters, Ingrid Patin, Lloyd Baker, Dickerson Law Firm, Lloyds Summit Insurance, and three John Doe doctors[1] for violations of Martin's rights under the First, Fourth, Eighth, and Fourteenth Amendments of the Constitution. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).

Martin is a disabled veteran of the Vietnam War who states he is fighting for the rights of all war veterans and the Medicare system. The complaint is difficult to follow, but it appears Martin's claim arises from state court negligence suit filed on his behalf by attorney Lloyd Baker in which Martin was awarded a judgment of sixty thousand dollars. He alleges his constitutional

---

[1] Defendants Michael Peters, Stephenson & Dickerson Law Firm (incorrectly named as Dickerson Law Firm), and Jackie Weedman were voluntarily dismissed pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure. *See* Notice of Voluntary Dismissal (Dkt. #3).

rights were violated by the Defendants' "cruel and unusual treatment and the violation of Due process of law the Disability Act (Federal Act)." Complaint at 3. He contends Mike Peters, a family court judge, Judge Smith, Lloyd Baker, Dickerson, and Lloyds Summit Insurance conspired and stole the sixty thousand dollars Martin was awarded. Additionally, Martin alleges the John Doe defendants violated his Eighth Amendment right by "filing false medical reports for Ingrid Patin," claiming "reports such as these could have caused Plaintiff's death." Martin's complaint refers to an Exhibit A, but no attachments were submitted with the complaint. He states that he is in fear for his life and asks for a hearing before the court where he "will provide validity of [his] actualizations." Complaint at 4. Additionally, Martin alleges this is a RICO (Racketeer Influenced Corrupt Organizations) case, but provides no factual basis for this claim. He claims the "Defendants have acted in a criminal manner such as forgery, defrauding the Federal Government with a court Judge who has no jurisdiction since a settlement had been made ten months prior." Complaint at 5. Finally, Martin requests this court make this a class action case because "this is not a Solitary act." *Id.*

As an initial matter, Martin cannot state a § 1983 claim against Ingrid Patin, Lloyd Baker, Lloyds Summit Insurance, and the three John Doe defendants because he has not alleged they are state actors. In order to establish § 1983 liability, a plaintiff must sufficiently plead that the defendant engaged in state action. *See Brunette v. Humane Society of Venture County*, 294 F.3d 1205, 1209 (9th Cir. 2002) (citation omitted). The purpose of § 1983 is to deter state actors from using the "badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). The ultimate inquiry in deciding whether a person is a state actor is if the constitutional deprivation is "fairly attributable to the state." *Rendell-Baker v. Kahn*, 457 U.S. 830, 838 (1992). A defendant only acts under the color of state law if he exercises power possessed by virtue of state law and made possible only because he "is clothed with the authority of the state." *Id*. at 1139-40.

Defendants Patin, Baker, Lloyds Summit Insurance, and the John Doe doctors are private individuals or businesses. Although § 1983 is generally not applicable to private parties, a

3

private party can be sued under this statute when it is a willful participant in joint action with the state or its agents. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A private party is liable under § 1983 only if its actions are "inextricable intertwined" with the acts of the government. *See Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1996); *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.1989) (requiring "substantial cooperation" between the private party and the state). A private party acts under color of state law only if it is "clothed with the authority of state law." *McDade*, 223 F.3d at 1139. Martin does not allege that any of the private defendants engaged in state action or that they were clothed with the authority of the state. Martin has not alleged the defendants willfully participated with the state or its agents to deprive him of his constitutional rights. Martin has not alleged the Defendants acted under color of state law, acted by virtue of state law, or were clothed with authority of state law to deprive him of his rights. Additionally, Martin does not allege any of the private individual or entities' actions were "inextricably bound" with those of the state. Any alleged actions by the private entities cannot be fairly attributed to the state, and therefore his claims against these Defendants will be dismissed.

In addition, Martin has not stated a claim upon which relief can be granted against Judge Smith or Judge Peters. Judges are absolutely immune from § 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge, and the parties dealt with the judge in his or her judicial capacity. *Sparkman*, 435 U.S. at 362; *see also Crooks v. Maryland*, 913 F.2d 699, 700 (9th Cir. 1990). Here, Martin alleges Judge Smith sealed records "called confidential" which were never submitted to Martin. The sealing of records was conduct undertaken within Judge Smith's official capacity, and Judge Smith is therefore immune from Martin's § 1983 claim for damages.

Even assuming Martin had named a state actor who was not immune from suit, his complaint does not state a federal claim upon which relief can be granted. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and

4

statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Plaintiff has not alleged federal jurisdiction exists in this case. No federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists. Plaintiff has also not alleged diversity jurisdiction exists under 28 U.S.C. § 1332 because Plaintiff is a resident of Nevada, as are all the named Defendants except for Defendant Jackie Weedman, who Plaintiff alleges is a resident of Texas. Further, Plaintiff's complaint does not seek damages in excess of the diversity jurisdiction minimum of $75,000. Additionally, with respect to Defendant Weedman, Plaintiff has not alleged any facts regarding how she was involved in the alleged conspiracy to cheat him out of his settlement proceeds.

Leave to amend will not be granted because Martin's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc); *see also Cato*, 70 F.3d at 1106.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. Plaintiff's Emergency Motion (Dkt. #2) is DENIED because Plaintiff has failed to state a claim upon which relief can be granted.

4. The Clerk of Court shall file the complaint but shall not issue summons.

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Dated this 29th day of September, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.